IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PRODUCTIONS, INC., | No. C 11-3837 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| JACQUELINE N. PHILLIPS, *et al.*, | |
| Defendants. | |

On March 2, 2012, the Court held a regularly-noticed hearing on plaintiff's motion for default judgment. Plaintiff appeared through counsel. No one appeared on behalf of defendants. The Court GRANTS plaintiff's motion for default judgment.

**BACKGROUND**

Plaintiff, the exclusive licensor of rights to exhibit certain closed circuit and pay-per-view sports programming, brought suit against defendants Jacqueline N. Phillips, individually and d/b/a House of Chicken and Waffles a/k/a Jack London Lounge, and Deda Enterprises, Inc., an unknown business entity d/b/a House of Chicken and Waffles a/k/a Jack London Lounge. The complaint alleges that defendants showed a boxing match in their restaurant, House of Chicken and Waffles, without a license. Plaintiff's complaint alleges that defendants are liable under the Federal Communications Act, 47 U.S.C. § 605 *et seq.*, for receiving, intercepting and assisting in the receipt or interception of licensed programming. Plaintiff's hired private investigator was present on the evening of the fight, August 7, 2010, in defendants' restaurant and saw the UFC 117 "undercard" match between fighters Junior dos Santos and Roy Nelson being broadcast. *See* Affidavit of John Poblete. Plaintiff filed a complaint against defendants, who never responded. The Clerk entered default against defendants on December 2, 2011.

## DISCUSSION

The Federal Communications Act, 47 U.S.C. § 605 *et seq.*, prohibits commercial establishments from intercepting and broadcasting to its patrons satellite cable programming. The Act allows an aggrieved party to bring a civil action in federal district court and permits that party to elect an award of either statutory or actual damages. *See* 47 U.S.C. § 605(e)(3)(C)(i). The statute allows the court to award between $1,000 and $10,000 for each violation of section 605 as it considers just. *Id*. at § 605(e)(3)(C)(i)(II). The Court may increase its award by not more than $100,000 when the violation has been "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff's application for default judgment contends that defendants' violation of 47 U.S.C. § 605 *et seq*. was willful and that this Court should enter default judgment in the amount of the statutory maximum, $100,000.

This Court declines to grant plaintiff's request for the statutory maximum. The allegations in a complaint regarding the monetary amount of damages that should be granted in a default judgment are not controlling, and "the mere assertion that defendants acted willfully is insufficient to justify enhanced damages." *Kingvision Pay-Per-View Ltd. v. Backman*, 102 F. Supp. 1196, 1198 (N.D. Cal. 2000). Courts that have awarded enhanced damage awards due to willful violations of the Communications Act have cited such factors as the repeated violation of the Act, the intent to profit from the violations and actual profit derived from the violation. *Id.* at 1197-98. Plaintiff's papers state that defendants did not require a cover charge on the evening that they broadcast the fight. According to the affidavit of Mr. Poblete, the capacity of defendants' establishment is approximately "90+", and three separate head counts while Mr. Poblete was present showed the number of patrons present to be 38, 42 and 46. Thus, the record is unclear on whether the establishment actually profited from the violation.

"Courts in this district have considered several cases involving pirating of closed-circuit sports broadcasts and, absent a showing of egregious wrongdoing, generally have awarded damages slightly over the statutory minimum." *Universal Sports Network v. Jimenez*, No. C–02–2768–SC, 2002 WL 31109707, at *1 (N.D. Cal. Sept. 18, 2002). Therefore the Court finds that an enhanced damage award is not warranted under the statute. Under 47 U.S.C. § 605(e)(3) the Court may award statutory damages

between $1,000 and $10,000 for a violation of the Act. The Court awards $5,000 in damages to plaintiff.[1]

Plaintiff also requests default judgment on its state law claim of conversion. The Court finds that the statutory damages in the amount of $5,000 sufficiently compensates plaintiff, and this case does not present a set of circumstances where an additional award might be warranted. Further, plaintiff's conversion claim raises what one judge in the Eastern District of California has called "the thought-provoking question of whether an interest in intangible property such as an exclusive license to distribute a broadcast signal is the proper subject of a claim of conversion under California law." *See J & J Sports Productions, Inc. v. Hernandez*, No. 09-CV-3389 GEB KJN, 2010 WL 1980186, *6 n.12 (E.D. Cal. May 17, 2010). California state and federal courts have reached varying conclusions. *Compare, e.g., Fremont Indem. Co. v. Fremont Gen. Corp.*, 148 Cal. App. 4th 97, 119 (Ct. App. 2007) (noting California courts' traditional refusal to recognize as conversion the unauthorized taking of intangible interests not merged with or reflected in something tangible), *with DIRECTV, Inc. v. Pahnke*, 405 F. Supp. 2d 1182, 1189 (E.D. Cal. 2005) (observing that courts have relaxed tangibility requirement, and granting summary judgment for conversion of satellite broadcast programming) *and Don King Prods./Kingvision v. Lovato*, 911 F. Supp. 419, 423 (N.D. Cal. 1995) (finding that plaintiff's exclusive rights to distribute program in California qualified as right to possession of property under conversion claim).

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for default judgment. Docket No. 17. The Court awards $5,000.

**IT IS SO ORDERED.**

Dated: March 2, 2012

SUSAN ILLSTON
United States District Judge

---

[1] The Court has reviewed *Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F.Supp.2d 1179 (D.Colo. 2008), in which a Magistrate Judge, after an evidentiary hearing, recommended that the District Court award $5,000 in statutory damages and $15,000 in enhanced damages. This does not change the Court's view as to enhanced damages in this case.